UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JILL JOHNSON, ) | CASE NO: |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | |
| ) | |
| RESURGENT CAPITAL SERVICES, LP, ) | JURY TRIAL DEMANDED |
| SHELLPOINT PARTNERS, LLC D/B/A ) | |
| SHELLPOINT MORTGAGE SERVICING, ) | |
| NEW PENN FINANCIAL, LLC D/B/A ) | May 20, 2015 |
| SHELLPOINT MORTGAGE SERVICING, ) | |
| and PYOD, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

NOW COMES, the Plaintiff, JILL JOHNSON (hereinafter, the "Plaintiff"), by and through the LAW OFFICES OF JOSHUA B. KONS, LLC, and for her complaint against the Defendants, RESURGENT CAPITAL SERVICES, LP, SHELLPOINT PARTNERS, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, and PYOD, LLC (hereinafter, the "Defendants"), the Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq, the Connecticut Creditors' Collections Practices Act ("CCPA"), *Conn. Gen. Stat. § 36a-645*, et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §42-110a*, et seq.

1

## II. JURISDICTION & VENUE

2. Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

3. Plaintiff also brings certain claims as denoted herein pursuant to *28 U.S.C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4. Venue is proper in this district pursuant to *28 U.S.C. §1391(b)*.

5. Defendants conducted business in the state of Connecticut, and therefore, personal jurisdiction is established.

## III. PARTIES

6. JILL JOHNSON is an individual who was at all relevant times residing in the city of Ivoryton, Connecticut. Ivoryton is situated in the District of Connecticut.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. RESURGENT CAPITAL SERVICES, LP is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in consumer debt collection in the State of Connecticut. Resurgent Capital Services, LP is a national company with its principal place of business in Greenville, South Carolina.

9. SHELLPOINT PARTNERS, LLC D/B/A SHELLPOINT MORTGAGE SERVICING is a business entity that in the ordinary course of business, regularly, on behalf of itself or others, engages in mortgage servicing and/or debt collection in the State of Connecticut.

Shellpoint Partners, LLC d/b/a Shellpoint Mortgage Servicing is a national company with its principal place of business in Greenville, South Carolina.

10. NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING is a business entity that in the ordinary course of business, regularly, on behalf of itself or others, engages in mortgage servicing and/or debt collection in the State of Connecticut. New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing is a national company with its principal place of business in Plymouth Meeting, PA.

11. PYOD, LLC is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in consumer debt collection in the State of Connecticut. PYOD, LLC is a national company with its principal place of business in Las Vegas, Nevada.

12. At all relevant times, Defendants were debt collectors as that term is defined by *15 U.S.C. §1692a(6)*, and sought to collect a consumer debt from Plaintiff. Defendants each acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

13. In or about July 18, 1997, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by *15 U.S.C. §1692a(5)*, namely, a conventional real estate loan (the "Alleged Debt"). To the best of the Plaintiff's recollection, she never applied for or was otherwise extended Alleged Debt, and has categorically denied being liable for the Alleged Debt.

14. Regardless of her legal liability for the Alleged Debt, due to extenuating personal circumstances the Plaintiff was forced to file for Chapter 7 bankruptcy in 2003. On December 2, 2003,

3

the Plaintiff was granted discharge of her debts, which would have included the Alleged Debt. (*See,* Exhibit A.)

15. Notwithstanding the discharge of the Alleged Debt in bankruptcy in 2003, the Defendants continued to attempt to Alleged Debt from the Plaintiff on a regular basis.

16. The principal means through which the Defendants attempted to collect the Alleged Debt and otherwise harassed the Plaintiff regarding the Alleged Debt was by adding a trade line regarding the Alleged Debt on the Plaintiff's credit report – notwithstanding the fact that she discharged the Alleged Debt through bankruptcy (and may not have had legal liability for the Alleged Debt in the first place). By adding a trade line regarding the Alleged Debt on the Plaintiff's credit report with a past due status, the Defendants hoped that the Plaintiff would contact them and pay off the Alleged Debt, so as to remove the negative trade line entry from her credit report.

17. Defendants' knew or should have known that the Plaintiff had declared Chapter 7 bankruptcy, and that she was no longer liable for the Alleged Debt. As a result of this knowledge that she was no longer liable for the Alleged Debt (because of the Chapter 7 bankruptcy), the Defendants were placing false information regarding the Alleged Debt (as the Plaintiff was not legally responsible for the Alleged Debt following her bankruptcy) as well as making a false representation of the legal status of the Alleged Debt to anyone who viewed the Plaintiff's credit report.

18. At various points in time after seeing that the Defendants had added a trade line to her credit report from the Defendants, the Plaintiff was forced to contact each credit reporting agency which the Defendants had added a trade line regarding the Alleged Debt to dispute the Alleged Debt. Each time the Plaintiff had to dispute the Alleged Debt with a credit reporting agency, she was forced to explain that (i) she disputed being legally liable for the Alleged Debt; and that (ii) despite the legal

4

liability, the Alleged Debt had been discharged in 2003 as a result of her Chapter 7 bankruptcy; (iii) that she was not legally obligated to pay debts that were discharged in bankruptcy.

19. Ultimately the Plaintiff was successful in disputing the trade lines the Defendants added to her credit report regarding the Alleged Debt, despite the fact that these were efforts made by the Defendants to collect a debt that was (i) were previously discharged in the Plaintiff's bankruptcy; (ii) barred by the applicable statutes of limitation; and (iii) may not have even been owed by the Plaintiff in the first place. As a result, the addition of the trade lines to the Plaintiff's credit report was nothing more than a harassing and deceptive tactic which was calculated to get the Plaintiff to pay the Alleged Debt rather than disputing it with each credit reporting agency.

20. The actions that the Defendants engaged in were nothing more than deceptive and harassing tactics that would lead even the least sophisticated consumer to believe the Plaintiff was liable to the Defendants for the Alleged Debt. In addition, the communication of the overdue nature of the Alleged Debt to any third party who viewed the Plaintiff's credit report was a communication of false information – as the Plaintiff had no legal liability for her Alleged Debt by virtue of her bankruptcy and the time that had elapsed since incurring the debt.

21. Given that on multiple occasions the Plaintiff notified various credit reporting agencies that she disputed the Alleged Debt on the basis that it had been discharged in bankruptcy, the Defendants knew or should have known that the Plaintiff was not legally obligated to make any payments on the Alleged Debt. Nonetheless, instead of attempting to check its records to verify whether or not the Alleged Debt had in fact been discharged in bankruptcy and that there should not be an addition of a trade line regarding the Alleged Debt on her credit report in the future, the Defendants chose to continue its attempts to collect on the Alleged Debt from the Plaintiff in a harassing and abusive manner.

5

22. As a result of the Defendants' misrepresentation of the legal status of the Alleged Debt, communication of false information to third parties regarding the Alleged Debt, and attempts to collect on the Alleged Debt when it had no legal right to collect the debt (by virtue of the Plaintiff's bankruptcy and the running of the applicable statutes of limitation), the above-described collection activity that the Defendants engaged in were made in violation of numerous and multiple provisions of the FDCPA, CCPA, and CUTPA.

23. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

## V. TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VI. CAUSES OF ACTION

### COUNT I: DEFENDANTS VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
**(As to All Defendants)**

25. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

26. Defendants are each a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

27. Plaintiff is a "consumer" as defined by *15 U.S.C. §1692c(d)* and *15 U.S.C. §1692a(3)*.

28. Defendants' actions violated the Federal Fair Debt Collection Practices Act ("FDCPA"). Defendants' violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law in violation of *15 U.S.C. §1692f(1)*.

(b) Falsely representing the character, amount, or legal status of the alleged debt in violation of *15 U.S.C. §1692e(2)(A)*.

(c) Threatening to take an action that cannot legally be taken in violation of *15 U.S.C. §1692e(C)(5)*.

(d) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of *15 U.S.C. §1692e(C)(8)*.

(e) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of *15 U.S.C. §1692e(C)(10)*.

29. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

30. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *15 U.S.C. §1692k(a)(1)*, statutory damages in the amount of $1,000 pursuant to *15 U.S.C. §1692k(a)(2)(A)*, and reasonable attorneys' fees and costs pursuant to *15 U.S.C. §1692k(a)(3)*.

### COUNT II: DEFENDANT VIOLATED THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT
**(As to Defendant PYOD, LLC)**

31. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

32. Defendant PYOD, LLC is a "creditor" as defined by *Conn. Gen. Stat. § 36a-645(2)*.

33. Plaintiff is a "consumer debtor" as defined by *Conn. Gen. Stat. § 36a-645(1)*.

34. Defendants' actions violated the Connecticut Creditors' Collection Practices Act by using abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt.

35. As a direct and proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

36. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *Conn. Gen. Stat. § 36a-648(a)(1)*, statutory damages in the amount of $1,000 pursuant to *Conn. Gen. Stat. § 36a-648(a)(2)*, and reasonable attorneys' fees and costs pursuant to *Conn. Gen. Stat. § 36a-648(a)(3)*.

### COUNT III: DEFENDANTS' VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
**(As to All Defendants)**

37. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

38. Defendants are each a "person" as defined by *Conn. Gen. Stat. §42-110a*(3).

39. Defendants each engaged in "trade" and "commerce" as defined by *Conn. Gen. Stat. §42-110a*(3).

40. In the course of attempting to collect a legally unenforceable debt from the Plaintiff, the Defendants each engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce within the State of Connecticut, in violation of the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat. §42-110a*, et seq.

41. As a direct and proximate result of the violations committed by the Defendants, Plaintiff has suffered, and continues to suffer, an ascertainable loss of money and property.

42. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *Conn. Gen. Stat. §42-110g*(a), and reasonable attorneys' fees and costs pursuant to *Conn. Gen. Stat. §42-110g*(d).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff JILL JOHNSON, by and through her attorney, respectfully requests that request that the court find that the Defendants, RESURGENT CAPITAL SERVICES, LP, SHELLPOINT PARTNERS, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, and PYOD, LLC, has violated has violated the FDCPA, CCPA, and CUTPA, and respectfully requests judgment be entered against each of the Defendants for the following:

1. All actual compensatory damages suffered pursuant to the *15 U.S.C. §1692k(a)(1) and Conn. Gen. Stat. §42-110g*(a);

2. Statutory damages of $1,000.00 pursuant to *15 U.S.C. §1692k*(a)(2)(A) and, as to Defendant PYOD, LLC, statutory damages of $1,000 pursuant to *Conn. Gen. Stat. § 36a-648(a)(2)*;

3. Costs and reasonable attorneys' fees pursuant to the *15 U.S.C. §1692k*(a)(3), *Conn. Gen. Stat. §42-110g*(d), and as Defendant PYOD, LLC, costs and reasonable attorney's fees pursuant to *Conn. Gen. Stat. § 36a-648(a)(2)*;

4. Actual damages for the emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of the Fair Debt Collection Practices Act in an amount to be determined at trial for the Plaintiff;

5. Punitive damages to punish the Defendants for its reckless and intentional misconduct; and

6. Such other and further relief as may be just and proper.

Dated this May 20, 2015

        Respectfully submitted,
        **JILL JOHNSON**


        By: /s/ Joshua B. Kons_____
        Joshua B. Kons (ct29159)
        LAW OFFICES OF JOSHUA B. KONS, LLC
        50 Albany Turnpike, Suite 4024
        Canton, CT 06019
        T: 860-920-5181
        E: joshuakons@konslaw.com